ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
JASON K. AXE
Assistant United States Attorney
California Bar Number 187101
      Federal Building, Suite 7516
      300 North Los Angeles Street
      Los Angeles, California 90012
      Telephone: (213) 894-8827
      Facsimile: (213) 894-7819
      E-mail: Jason.Axe@usdoj.gov
Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LAURACK D. BRAY,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF JUSTICE, et al.,<br><br>Defendants. | No. CV 12-5704 CAS (RZx)<br><br>**FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFF'S APPLICATION FOR AN EX PARTE TEMPORARY RESTRAINING ORDER** |

## I. INTRODUCTION

On July 2, 2012, plaintiff Laurack D. Bray ("Plaintiff") lodged a complaint with this Court (ordered filed on July 3, 2012), and he filed an ex parte application for a temporary restraining order against a number of defendants, including federal defendants United States of America, United States Department of Justice, United States Attorney's Office, and Federal Bureau of Investigation.

Plaintiff's application seeks the following relief:

(1) Restrain Federal Defendants from selling, leasing, renting, or otherwise passing or transferring possession of 1019 E. Santa Clara Street, Ventura, CA 93001 to anyone other than Plaintiff;

(2) Order the dispossession of 1019 E. Santa Clara Street, Ventura, CA 93001 by anyone currently possessing, residing, or otherwise living there;

(3) Order that Plaintiff can immediately take possession of 1019 E. Santa Clara Street, Ventura, CA 93001;

(4) Require Federal Defendants or the trustee of the property to continue to maintain 1019 E. Santa Clara Street, Ventura, CA 93001 until a final decision is reached regarding the merits of Plaintiff's complaint, and

(5) Require Federal Defendants to show cause why the Court should not issue a preliminary injunction.

(Ex Parte Application at 1-2.)

## II. LEGAL STANDARD

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical." Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 375, 172 L. Ed. 2d 249 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

equities tips in his favor, and that an injunction is in the public interest." Carrillo v. Schneider Logistics, Inc., 823 F. Supp. 2d 1040 (C.D. Cal. 2011) (citing Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009)).

Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1132 (9th Cir. 2011). A "serious question" is one on which the movant "has a fair chance of success on the merits." Sierra On–Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984).

## III. DISCUSSION

### A. Likelihood of Success

Plaintiff cannot establish a likelihood of success on his underlying claims. Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) provides, "Each allegation must be simple, concise, and direct." When a pleading fails to comply with the pleading requirements of Rule 8, a defendant may "move for a more definite statement under Rule 12(e) before responding." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002).

The allegations in Plaintiff's Complaint are not simple, concise, or direct. Plaintiff's Complaint is what courts have characterized as a "shotgun pleading." See Strategic Income Fund v. Spear, Leeds, & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002) ("The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions. Consequently, in ruling on the sufficiency of a claim, the trial court must sift out the irrelevancies, a task that can be quite onerous.") Shotgun pleadings impede the due administration of justice and amount to

obstruction of justice. Id. at 1295 nn.9-10; see also Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001) (appropriate way to deal with shotgun complaint is to order plaintiff to replead).

"Length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." United States ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003).[1] "[U]nless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." Id. (citing Anderson v. District Bd. of Trustees, 77 F.3d 364, 367 (11th Cir. 1996)).

In Anderson, the 11th Circuit noted that a defendant faced with a lengthy "shotgun" complaint is "expected to move" for a more definite statement rather than file an answer, and if the defendant fails to do so, the trial court should sua sponte require a more definite statement. Anderson, 77 F.3d at 366; see also McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of a 53-page third amended complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); Hatch v. Reliance Insurance Co., 758 F.2d 409, 415 (9th Cir. 1985) (affirming dismissal of complaints, "which, including attachments, exceeded 70 pages in length, were confusing and conclusory and not in compliance with Rule 8"); Nevijel v. North Coast Life Insurance Co., 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming a dismissal of a 23-page amended complaint with 24 pages of addenda found to be verbose, confusing and conclusory); Corcoran v. Yorty, 347 F.2d 222, 223 (9th Cir. 1964) (per curiam) (affirming dismissal of complaint for alleged fraud and conspiracy in violation of

---

[1] For example, Plaintiff's Complaint includes claims against defendants that he is not permitted to advance, including improperly asserted constitutional claims against the United States and several federal agencies. See Arnsberg v. United States, 757 F.2d 971, 980 (9th Cir. 1985) (United States has not waived its sovereign immunity as to constitutional claims).

1  civil rights, where complaint was "so verbose, confused and redundant that its true
2  substance, if any, is well disguised"); <u>Agnew v. Moody</u>, 330 F.2d 868, 870 (9th
3  Cir. 1964) (court was justified in forcing plaintiff to replead where, although
4  elements and factual context of claim for relief were simple, complaint extended
5  over fifty-five pages, excluding the prayer and exhibits).
6       "Rule 8(a) requires parties to make their pleadings straightforward, so that
7  judges and adverse parties need not try to fish a gold coin from a bucket of mud."
8  <u>United States ex rel. Garst v. Lockheed-Martin Corp.</u>, 328 F.3d 374, 378 (7th Cir.
9  2003).  Complaints that fail to comply with the requirements of Rule 8 are subject
10 to dismissal.  <u>See, e.g.</u>, <u>McHenry</u>, 84 F.3d at 1179 (noting that Rule 8(e) (now set
11 forth as Rule 8(d)) applies to good claims as well as bad claims, and is a basis for
12 dismissal independent of Rule 12(b)(6)).
13      Plaintiff's 34-page complaint contains 123 paragraphs and 9 separate claims
14 against over 20 different defendants.  The claims include allegations of racial
15 discrimination, Fourth Amendment violations, and medical malpractice under the
16 Federal Tort Claims Act.  Even construing the Complaint in the light most
17 favorable to Plaintiff, see <u>Parks School of Business, Inc. v. Symington</u>, 51 F.3d
18 1480, 1484 (9th Cir. 1995), and granting special leniency to this pro se Plaintiff,
19 <u>see</u> <u>Hughes v. Rowe</u>, 449 U.S. 5, 9, 101 S. Ct. 173, 176 (1980), Plaintiff's
20 Complaint should still be dismissed for failure to comply with Rule 8.  Because
21 Plaintiff's Complaint fails to comply with the pleading requirements of Rule 8, this
22 Court should find that Plaintiff has not established a likelihood of success on the
23 merits.
24      The Court should further find that Plaintiff has not established a likelihood
25 of success on the merits as to any of his alleged claims.  For example, Plaintiff's
26 first claim appears to be an allegation that Federal Defendants discriminated
27 against him by refusing to investigate and prosecute his complaints because he is
28 African American or Black.  (Complaint at 12.)  Plaintiff cannot establish that he

has a constitutional right to have any of his "complaints" investigated by any federal law enforcement agency. The remainder of Plaintiff's claims are similarly mere allegations that either have no legal justification or do not on their face establish a likelihood of success on the merits.

Therefore, the Court should find that Plaintiff has not established a likelihood of success on the merits.

### B. <u>Irreparable Harm</u>

Plaintiff will not suffer irreparable harm absent preliminary relief. Plaintiff alleges that he was evicted from his house in 2003, and he has not been able to obtain another home or office since that date. (Ex Parte at 6.) In fact, Plaintiff states in his ex parte application that the "main reason for the temporary restraining order is to assist Plaintiff in re-gaining possession" of 1019 E. Santa Clara Street, Ventura, CA. (Id.)

Regardless of whether Plaintiff can prevail on the claims set forth in his Complaint, Plaintiff has not provided a basis for this Court to find that as damages, he would be entitled to an order providing him with possession of 1019 E. Santa Clara Street, Ventura, CA. Therefore, Plaintiff cannot demonstrate irreparable harm because he has failed to show a likelihood of recovering possession of 1019 E. Santa Clara Street, Ventura, CA through this action.

### C. <u>Balance of Equities and Public Interest</u>

The balance of equities and the public interest do not favor Plaintiff. Plaintiff is seeking an affirmative order from this Court providing him with possession of a property that he apparently was evicted from in 2003. The public interest would not be served by an order of this Court providing Plaintiff with possession of property to which he may not have a legal right before the parties have a chance to more fully litigate this action.

## IV. CONCLUSION

For the reasons set forth herein, Plaintiff's ex parte application must be denied.

Dated: July 9, 2012                    Respectfully submitted,

                                         ANDRÉ BIROTTE JR.
                                       United States Attorney
                                       LEON W. WEIDMAN
                                       Assistant United States Attorney
                                       Chief, Civil Division

                                       /s/ *Jason K. Axe*
                                       JASON K. AXE
                                       Assistant United States Attorney
                                       Attorneys for Defendant
                                       United States of America