UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURACK D. BRAY, ETC., | CASE NO. CV 12-05704 CJC (RZ) |
| Plaintiff, | |
| vs. | ORDER RE FURTHER PROCEEDINGS |
| DEPARTMENT OF JUSTICE (U.S.), ET AL., | |
| Defendants. | |

This case has been referred to Magistrate Judge Ralph Zarefsky for pre-trial proceedings.

**Service of Process**

Under Federal Rule of Civil Procedure 4(m), service of the summons and complaint must be accomplished within 120 days after the filing of the complaint. The complaint herein was filed on July 3, 2012. Accordingly, the 120-day period will expire on October 31, 2012. **Plaintiff is warned that his failure to effectuate service by that date may result in the dismissal of the action by reason of plaintiff's failure to prosecute.**

///

///

**Form of Papers Submitted for Filing**

In preparing and submitting all pleadings and correspondence, plaintiff must comply with the following:

1. At the top of page 1 (or the cover sheet, if any), plaintiff shall provide his/her precise name and mailing address (including any prisoner number or dorm, wing or building number) required for mail to be properly delivered. The address provided will be presumed correct and will be used to communicate with plaintiff. During the pendency of the action, plaintiff must notify the court immediately if his/her address changes and must provide the court with the new address and its effective date. **Any failure by plaintiff to comply with a court order where plaintiff did not receive the order due to failure to inform the Court of plaintiff's current address may result in the action being dismissed for plaintiff's failure to prosecute.** *See* **Local Rule 41-6;** *Carey v. King*, **856 F.2d 1439, 1440-1441 (9th Cir. 1988).**

2. Plaintiff shall write/type legibly;

3. Only one side of each page shall be used;

4. Plaintiff shall submit one original document and one copy or, if plaintiff wishes to receive a conformed copy, one original and two copies;

5. Each document shall have at least a 1-inch margin at the top of each page so that the document can be 2-hole punched and properly bound in the court file; and

6. The original document shall be sufficiently dark that it can be photocopied clearly.

7. All parties are required to strictly adhere to the Federal Rules of Civil Procedure and the Local Rules of this Court.

**Exemption From Rule 26(f) Conference Requirement If Any Party Is *Pro Se***

If any party is not represented by counsel (and is not himself or herself an attorney), then no Conference of Parties pursuant to FED. R. CIV. P. 26(f) shall be required, and the stay of discovery referred to in FED. R. CIV. P. 26(d) shall not apply to this case.

Discovery may begin following the filing of a first paper by a defendant, unless the Court orders otherwise.

### Motion Procedure When Plaintiff Is In Custody

Whenever the *pro se* plaintiff is in custody, and *only* during such time periods, the parties shall observe the following motion procedures, which differ in some respects from the Local Rules. (*Pro se* parties who are not attorneys already are exempted from some requirements, such as the Early Meeting of Counsel, pursuant to Local Rule 16-12.)

1. Deadline for Opposition and Reply Briefs. *If the moving party is in custody*, then any brief in opposition to a motion must be filed and served no later than 14 days after service of the moving papers. Any reply must be filed and served within 30 days of service of the opposition. *If the non-moving party is in custody*, then any brief in opposition to a motion must be filed and served no later than 30 days after service of the moving papers. Any reply must be filed and served within 10 days of service of the opposition. The parties shall observe these deadlines without awaiting an order from the Court in response to any specific motion.

2. No Joint Stipulation Required For Discovery Motions. The parties are relieved of (a) Local Rule 37-1's requirement that they confer in person or telephonically; and (b) Local Rule 37-2's requirement of a Joint Stipulation. Discovery motions still must include "a certification that the movant has in good faith conferred or attempted to confer" *in writing* with the non-moving party, in an effort to resolve the dispute informally. FED. R. CIV. P. 37(a)(2)(B). Moreover, like a Joint Stipulation under the Local Rules, the moving party's initial brief still –

> shall contain all issues in dispute and, with respect to each such issue, the contentions and points and authorities of [the moving] party. The [initial brief] shall not refer the Court to any other

documents. For example, if the sufficiency of an answer to an interrogatory is in issue, the [initial brief] shall contain, verbatim, both the interrogatory and the allegedly insufficient answer, followed by [the moving party's] contentions as to that particular interrogatory . . . . If the allegations made in a prior filing are relevant, a copy of that prior filing should be attached as an exhibit.

See CIVIL L.R. 37-2.1.

       3.   <u>No Hearings On Motions</u>. The Court shall not hear oral argument on motions where the *pro se* plaintiff is in custody. Unless the Court orders otherwise, motions shall stand submitted after the deadline for submission of briefs has passed.

IT IS SO ORDERED.

DATED: August 2, 2012

                                             /s/ Ralph Zarefsky  
                                           RALPH ZAREFSKY  
                                           UNITED STATES MAGISTRATE JUDGE