UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| LAURACK D. BRAY,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>DEPARTMENT OF JUSTICE, et al.,<br><br>　　　　Defendants. | Case No.: CV 12-05704-CJC(RZx)<br><br>**ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER; ORDER TO PLAINTIFF TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A COGNIZABLE CLAIM** |

**I.  INTRODUCTION**

　　Simultaneously with the filing of his Complaint, Plaintiff Laurack D. Bray moves *ex parte* for the issuance of a temporary restraining order and for an order to show cause why a preliminary injunction should not be granted.  Mr. Bray's application seeks, *inter alia*, the repossession of property located at 1019 E. Santa Clara St., Ventura, California

(the "Subject Property"). (Dkt. No. 3.) For the reasons discussed below, Mr. Bray's *ex parte* application is DENIED.

## II. BACKGROUND

On July 3, 2012, Mr. Bray[1] brought suit against twenty-one federal and state defendants, including the United States of America, the Department of Justice, Attorney General Eric Holder, and the United States Attorney for the Central District of California, André Birotte. (*See* Dkt. No. 5 [Complaint].) Mr. Bray's Complaint alleges that he has been the victim of racial discrimination during judicial proceedings, and suffered similar discrimination during his attempts to see his claims investigated. (Compl. ¶¶ 1–3.) In particular, Mr. Bray alleges that during a 2003 unlawful detainer action filed against him, the Ventura County Superior Court judge presiding over his trial answered a jury question in way that caused a jury verdict against him. (*Id*. ¶ 6.) As a result of this verdict, Mr. Bray alleges that he was wrongfully evicted from his home-law office. (*Id*.) Subsequently, Mr. Bray requested that the Federal Bureau of Investigation and the United States Attorney's Office for the Central District of California ("USAO") investigate and prosecute his claims of racial discrimination. (*Id*. ¶ 8.) The USAO declined to proceed with a case based on Mr. Bray's claims, and informed him that it "<u>does not</u> conduct investigations." (*Id*. Exh 1–1A) (emphasis in original.)

Based on these allegations, Mr. Bray asserts eight causes of action for violation of 42 U.S.C. §§ 1981, 1982, and 1985, the Fifth Amendment, the Fourth Amendment, the Foreign Intelligence Surveillance Act, the Privacy Act, the Federal Tort Claims Act, and the Fourteenth Amendment. (*See* Compl.) On July 2, 2012, Mr. Bray filed the instant *ex*

---

[1] While Mr. Bray's Complaint is captioned "Laurack D. Bray, and on behalf of Conrad Murray and Oscar Grant, deceased, and other similarly-situated black male professionals/semi-professionals", the Complaint does not contain any class allegations.

*parte* application. Mr. Bray's application seeks an order (1) restraining the Defendants from selling, leasing, renting, passing, or transferring the Subject Property, (2) dispossessing anyone currently possessing the Subject Property, (3) permitting Mr. Bray to take immediate control of the Subject Property, (4) requiring Defendants to continue to maintain the Subject Property pending a final decision in this action, and (5) requiring Defendants to show cause why the Court should not issue a preliminary injunction. (Pl.'s App. at 1–2.)

## II. ANALYSIS

The standard for issuing a TRO is "substantially identical" to that for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). " 'A plaintiff seeking a [TRO] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.' " *Am. Trucking Ass'ns, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Nat'l Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008)). Like a preliminary injunction, a TRO is an extraordinary and drastic remedy that may only be awarded upon a clear showing that the moving party is entitled to relief. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

Mr. Bray has not made a clear showing that he is entitled to the extraordinary remedies he seeks because his *ex parte* application and exhibits fall far short of demonstrating a likelihood of success on the merits. Mr. Bray's Complaint fails to meet the basic pleading requirements of Federal Rule of Civil Procedure 8(a) to provide a short and plain statement of the claim showing that the pleader is entitled to relief. Mr. Bray's thirty-four page Complaint, with eight claims, against twenty-one different defendants, is replete with allegations of racial discrimination, and other alleged constitutional

violations. But rather than being a short and plain statement of Mr. Bray's alleged injury, the Complaint is a "shotgun pleading" that primarily contains legal conclusions. With so many claims, leveled against so many defendants, Mr. Bray's Complaint makes it exceedingly difficult for the Court to determine the merit of his allegations. And Mr. Bray's *ex parte* application fails to provide any clarity. With such conclusory, confusing, and redundant allegations, the Court cannot conclude that Mr. Bray has demonstrated a likelihood of success on the merits of any of his claims.

Mr. Bray has also failed to demonstrate that he will suffer irreparable harm if the requested relief is not granted. Plaintiff alleges that after his eviction from the Subject Property in 2003, he has been unable to obtain another home or office. (*See* Pl.'s App. at 6.) Indeed, Mr. Bray states that the "main reason for the temporary restraining order is to assist Plaintiff in re-gaining possession or re-possessing the premises located at 1019 E. Santa Clara Street, Ventura, CA . . . ." (*Id.*) But Mr. Bray has not suggested any basis on which the successful resolution of his claims would entitle him to the possession of property he last rented in 2003.[2] Moreover, Mr. Bray has not alleged how he will be irreparably harmed by not immediately regaining possession of a property he rented as far back as 2003. Without more, Mr. Bray has failed to demonstrate the irreparable harm necessary for the relief he seeks.

### III. CONCLUSION

For the foregoing reasons, Mr. Bray's *ex parte* application is DENIED. In light of the deficiencies in his Complaint, the Court ORDERS Mr. Bray to show cause why this

---

[2] Mr. Bray has also not alleged how the Defendants are in a position to return the Subject Property to him. While Mr. Bray does allege that document Subject Property is currently under the stewardship of a trustee, he does not allege that Defendants are the trustee or are somehow in an ownership position over the Subject Property. (*See* Pl.'s App. 7–8.) In fact, Mr. Bray alleges that he does "not know the state of the ownership of the property, other than a trustee, according to the assessor's office." (*Id*. at 8.)

action should not be dismissed for failure to state a cognizable claim.  Mr. Bray must file a written opposition to this order to show cause by August 28, 2012.  Defendants shall file a response, if any, by September 4, 2012.  The matter will stand submitted upon receipt of all the papers.

DATED:    August 14, 2012

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE