ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
JASON K. AXE
Assistant United States Attorney
California Bar Number 187101
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-8827
    Facsimile: (213) 894-7819
    E-mail: Jason.Axe@usdoj.gov
Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LAURACK D. BRAY,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF JUSTICE, et al.,<br><br>Defendants. | No. CV 12-5704 CJC (RZx)<br><br>**FEDERAL DEFENDANTS' REPLY TO COURT'S AUGUST 14, 2012 ORDER TO SHOW CAUSE** |

CV12-5704.20120904.JKA.OSC Reply - 569.docx

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

On July 3, 2012, plaintiff Laurack D. Bray ("Plaintiff") filed a complaint (along with an ex parte application for a temporary restraining order) against a number of defendants, including federal defendants United States of America, United States Department of Justice, United States Attorney's Office, and Federal Bureau of Investigation.

Plaintiff's complaint seeks injunctive relief, including an order compelling the transfer of possession of 1019 E. Santa Clara Street, Ventura, CA 93001 to Plaintiff. Plaintiff's complaint also seeks unspecified compensatory and punitive damages. (Complaint at 33-34.)

On August 7, 2012, Plaintiff filed a Petition for Writ of Mandamus with the Ninth Circuit seeking an order compelling the district court to rule on Plaintiff's application for a temporary restraining order. See Bray v. United States District Court for the Central District of California, CA 12-72501.

On August 14, 2012, this Court issued an order denying Plaintiff's ex parte application and further issued an order to show cause why the case should not be dismissed for failure to state a cognizable claim.

On August 20, 2012, Plaintiff filed a response asserting that this Court lacked jurisdiction to issue its August 14, 2012 Order because Plaintiff had appealed the issues that the Court was attempting to make a ruling on. (DN#17 at 1.) Plaintiff did not address any of the issues set forth in the Court's August 14, 2012 Order, including the deficiencies in the Complaint that led the Court to issue its order to show cause re: dismissal. As a result, Plaintiff's complaint should be dismissed.

## II. ARGUMENT

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) provides, "Each allegation must be simple, concise, and direct." When a pleading

fails to comply with the pleading requirements of Rule 8, a defendant may "move for a more definite statement under Rule 12(e) before responding." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).

The allegations in Plaintiff's Complaint are not simple, concise, or direct. Plaintiff's Complaint is what courts have characterized as a "shotgun pleading." See Strategic Income Fund v. Spear, Leeds, & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002) ("The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions.  Consequently, in ruling on the sufficiency of a claim, the trial court must sift out the irrelevancies, a task that can be quite onerous.") Shotgun pleadings impede the due administration of justice and amount to obstruction of justice. Id. at 1295 nn.9-10; see also Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001) (appropriate way to deal with shotgun complaint is to order plaintiff to replead).

"Length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." United States ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003).[1] "[U]nless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." Id. (citing Anderson v. District Bd. of Trustees, 77 F.3d 364, 367 (11th Cir. 1996)).

In Anderson, the 11th Circuit noted that a defendant faced with a lengthy "shotgun" complaint is "expected to move" for a more definite statement rather

---

[1] For example, Plaintiff's Complaint includes claims against defendants that he is not permitted to advance, including improperly asserted constitutional claims against the United States and several federal agencies. See Arnsberg v. United States, 757 F.2d 971, 980 (9th Cir. 1985) (United States has not waived its sovereign immunity as to constitutional claims).

than file an answer, and if the defendant fails to do so, the trial court should sua sponte require a more definite statement.  <u>Anderson</u>, 77 F.3d at 366; <u>see also</u> <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of a 53-page third amended complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); <u>Hatch v. Reliance Insurance Co.</u>, 758 F.2d 409, 415 (9th Cir. 1985) (affirming dismissal of complaints, "which, including attachments, exceeded 70 pages in length, were confusing and conclusory and not in compliance with Rule 8"); <u>Nevijel v. North Coast Life Insurance Co.</u>, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming a dismissal of a 23-page amended complaint with 24 pages of addenda found to be verbose, confusing and conclusory); <u>Corcoran v. Yorty</u>, 347 F.2d 222, 223 (9th Cir. 1964) (per curiam) (affirming dismissal of complaint for alleged fraud and conspiracy in violation of civil rights, where complaint was "so verbose, confused and redundant that its true substance, if any, is well disguised"); <u>Agnew v. Moody</u>, 330 F.2d 868, 870 (9th Cir. 1964) (court was justified in forcing plaintiff to replead where, although elements and factual context of claim for relief were simple, complaint extended over fifty-five pages, excluding the prayer and exhibits).

"Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." <u>United States ex rel. Garst v. Lockheed-Martin Corp.</u>, 328 F.3d 374, 378 (7th Cir. 2003).  Complaints that fail to comply with the requirements of Rule 8 are subject to dismissal.  <u>See, e.g.</u>, <u>McHenry</u>, 84 F.3d at 1179 (noting that Rule 8(e) (now set forth as Rule 8(d)) applies to good claims as well as bad claims, and is a basis for dismissal independent of Rule 12(b)(6)).

Plaintiff's 34-page complaint contains 123 paragraphs and 9 separate claims against over 20 different defendants.  The claims include allegations of racial discrimination, Fourth Amendment violations, and medical malpractice under the Federal Tort Claims Act.  Even construing the Complaint in the light most

favorable to Plaintiff, see <u>Parks School of Business, Inc. v. Symington</u>, 51 F.3d 1480, 1484 (9th Cir. 1995), and granting special leniency to this pro se Plaintiff, see <u>Hughes v. Rowe</u>, 449 U.S. 5, 9, 101 S. Ct. 173, 176 (1980), Plaintiff's Complaint should still be dismissed for failure to comply with Rule 8.

Furthermore, Plaintiff's assertion that this Court lacked jurisdiction to issue its August 14, 2012 Order lacks merit. Plaintiff did not file a notice of appeal of an order of this Court. Instead, Plaintiff merely filed a petition for a writ of mandamus with the Ninth Circuit seeking an order compelling this Court to rule on Plaintiff's application for a temporary restraining order. This Court has now denied Plaintiff's application, and therefore, Plaintiff's petition for a writ of mandamus will likely be denied as moot.

A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." <u>See</u> <u>Murphy v. Hunt</u>, 455 U.S. 478, 481 (1982). When a case becomes moot, the court loses subject matter jurisdiction. Therefore, the Ninth Circuit will likely dismiss the petition for a writ of mandamus because it has become moot by subsequent events. <u>See</u> <u>GATX/Airlog Co. v. U.S. Dist. Court for Northern Dist. of California</u>, 192 F.3d 1304, 1306 (9th Cir.1999); <u>Gomez v. U.S. Dist. Court for Northern Dist. of California</u>, 966 F.2d 463, 464 (9th Cir.1992).

### III. CONCLUSION

For the reasons set forth herein, Plaintiff's complaint should be dismissed.

Dated: September 4, 2012          Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

/s/ *Jason K. Axe*
JASON K. AXE
Assistant United States Attorney
Attorneys for Defendant
United States of America