JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| LAURACK D. BRAY,<br><br>     Plaintiff,<br><br>  vs.<br><br>DEPARTMENT OF JUSTICE, et al.,<br><br>     Defendants. | Case No.: CV 12-05704-CJC(RZ)<br><br>**ORDER DISMISSING PLAINTIFF'S CASE FOR FAILURE TO STATE A COGNIZABLE CLAIM** |

**I.   INTRODUCTION AND BACKGROUND**[1]

On August 14, 2012, the Court denied Plaintiff Laurack D. Bray's *ex parte* application for the issuance of a temporary restraining order and for an order to show cause why a preliminary injunction should not be granted.  (Dkt. No. 16.)  In doing so,

---

[1]  A more complete recitation of the factual background can be found in the Court's August 14, 2012 Order.  (*See* Dkt. No. 16.)

the Court also ordered Mr. Bray to show cause why his Complaint should not be dismissed for failure to state a cognizable claim. (*Id.*) Rather than responding directly to the Court's Order, Mr. Bray filed a response asserting that this Court lacked jurisdiction to rule on his *ex parte* application due to his filing of a writ of mandamus with the Ninth Circuit. (Dkt. No. 17.) Such a procedural maneuver is of no consequence. For the following reasons, Mr. Bray's Complaint is DISMISSED WITH PREJUDICE.

## II. ANALYSIS

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To comply with Rule 8, a plaintiff must plead "the elements of his or her claim, identifying the transactions or occurrence giving rise to the claim and the elements of the prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000). Rule 8 requires that the complaint "say enough to give the defendant fair notice of what the plaintiff's claim[s] [are] and the grounds upon which [they] rest[]." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S.Ct. 2499, 2507 (2007) (internal quotations omitted). However, complaints containing allegations that merely "incorporate each preceding paragraph, regardless of relevancy, are not permitted." *Destfino v. Kennedy*, No. CV 08-1269, 2009 WL 63566, *4 (E.D. Cal. Jan. 8, 2009). This practice, known as "shotgun pleading," violates Rule 8's requirement of a short and plain statement. *Id*; *see also Strategic Income Fund v. Spear, Leeds, & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002).

Mr. Bray's Complaint fails to meet the basic pleading requirements of Rule 8(a) to provide a short and plain statement of the claim showing that the pleader is entitled to relief. Mr. Bray's thirty-four page Complaint, with eight claims, against twenty-one different defendants, is replete with allegations of racial discrimination, and other alleged

constitutional violations. But rather than being a short and plain statement of Mr. Bray's alleged injury, the Complaint is a "shotgun pleading" that primarily contains legal conclusions. With so many allegations, leveled against so many defendants, Mr. Bray's Complaint makes it impossible to discern a cognizable claim.

When given the opportunity to correct the conclusory, confusing, and redundant allegations in his Complaint, Mr. Bray instead chose to question this Court's jurisdiction to rule on his *ex parte* application and filed a writ of mandamus with the Ninth Circuit. Mr. Bray, however, never addressed the deficiencies in his Complaint despite the Court's order to do so.

**III.  CONCLUSION**

For the foregoing reasons, Mr. Bray's Complaint is DISMISSED WITH PREJUDICE.

DATED:    September 26, 2012

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE