LAURACK D. BRAY
P.O. Box 611432
Los Angeles, CA 90061
Tel: (805) 901-2693

Plaintiff Pro Se

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISRTICT OF CALIFORNIA

LAURACK D. BRAY

        Plaintiff,

v.

DEPARTMENT OF JUSTICE, ET.AL.

        Defendants.

NO. CV 12-5704-CJC (RZ)

### SUPPLEMENTAL PETITION FOR A WRIT OF MANDAMUS IN LIEU OF A NOTICE OF APPEAL AND AS AN APPEAL OF THE DISTRICT COURT'S SEPTEMBER 26, 2012 ORDER DISMISSING PLAINTIFF'S COMPLAINT

Plaintiff Laurack D. Bray, **solely** for the protection of his rights, hereby gives Notice that he will, concurrently with the filing of this notice, file a supplemental petition for a writ of mandamus with and in the United States Court of Appeals for the Ninth Circuit (see Appeal No. 12-72501) in lieu of a notice of appeal and as an appeal of the district court's September 26, 2012 Order dismissing his Complaint.

The district court's September 26, 2012 Order, like his August 14, 2012 Order, has been issued **without jurisdiction or authority**, therefore, it is an **illegal order**. Although Plaintiff is not required to respond to it, he will, but **only** as to the court's lack of jurisdiction to issue the Order. Only the Ninth Circuit Court of Appeals may determine its own jurisdiction and whether the district court has jurisdiction to issue the aforementioned orders, and since, thusfar, the Ninth Circuit has not ruled on Plaintiff's pending Petition for a writ of mandamus, Plaintiff must, **in order to protect his rights,** respond (through a supplemental petition for a writ of mandamus) in absence of a decision by the Court of Appeals. Plaintiff believes the law is clear as to the district court's lack of jurisdiction after the filing of an appeal from an initial order of the same subject matter, and he will continue to proceed on that basis. See Smith v. Lujan, 588 F.2d 1304 (9th Cir. 1979). Nonetheless, the Ninth Circuit is the final decisionmaker as to the matter, thus, this appeal.

When the district court had legal jurisdiction to rule on the TRO, it intentionally refused to do so. So now, after (and only after) Plaintiff has filed a writ of mandamus in the 9th Circuit to address that refusal, judge Cormac J. Carney has now attempted to do what he should have done earlier, i.e., make a ruling on the pending TRO, and he has attempted to do so through two hastily written Orders,

both lacking in any real substance or merit. But now, it's **too late**. The district court lacks authority to make any further rulings until the 9th Circuit has issued a decision on the writ of mandamus (now supplemented).

Finally, judge Carney purportedly dismissed Plaintiff's Complaint with "prejudice". Well, that certainly is an accurate depiction of his actions since being assigned Plaintiff's case. He has exhibited nothing but prejudice against Plaintiff since taking over the case, and his latest order is simply a continuation of that prejudice. Indeed, judge Carney's actions are simply an intentional denial of Plaintiff's constitutional rights under color of law, based on Plaintiff's race or color. He has no intention of providing Plaintiff with a due process evaluation of his case.

10-1-2012
Date

_____
LAURACK D. BRAY

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing "Supplemental petition for a writ of mandamus in lieu of a notice of appeal and as an appeal of the district court's September 26, 2012 order dismissing Plaintiff's Complaint" was mailed, first class, postage pre-paid to:

Jason K. Axe
Assistant U.S. Attorney
U.S. Attorney Office
300 North Los Angeles Street, Room 7516
Los Angeles, CA 90012

on this 1st day of October, 2012.

_____
LAURACK D. BRAY