LAURACK D. BRAY
P.O. Box 611432
Los Angeles, CA 90061
Tel: (805) 901-2693

Plaintiff Pro Se



UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISRTICT OF CALIFORNIA

LAURACK D. BRAY

        Plaintiff,

v.

DEPARTMENT OF JUSTICE, ET.AL.

        Defendants.

NO. CV 12-5704-CJC (RZ)

## **CORRECTION** REGARDING ERRONEOUS NOTICE OF APPEAL

Plaintiff Laurack D. Bray hereby **corrects** the District Court record regarding the previously filed "Supplemental Petition for a writ of mandamus in lieu of and as an appeal of the district court's September 26, 2012 Order dismissing Plaintiff's Complaint", filed on or about October 1, 2012. Although I believe the title of the document speaks for itself, indicating that a supplemental petition for a writ of mandamus was filed in the district court, the district court apparently has designated the writ of mandamus as an ordinary "notice of appeal"(and the

1

9th Circuit has responded by assigning a new appeal number ). This was **incorrect.** The document was not an ordinary notice of appeal, it was a sec. 3771(d)(3) appeal, which replaces an ordinary notice of appeal with a writ of mandamus, which must be filed by crime victims *in lieu of* a notice of appeal. Therefore, the district court's designation of the writ of a mandamus as an ordinary notice of appeal is **erroneous.** Therefore, the district court record should reflect that a writ of mandamus pursuant to 18 U.S.C. sec. 3771(d)(3) was filed in the 9th Circuit Court of Appeals and not a notice of appeal.

Attached is a copy of the Supplemental Writ of Mandamus that was filed in the Ninth Circuit Court of Appeals.

10/11/2012
Date

LAURACK D. BRAY

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing "Correction regarding erroneous notice of appeal" was mailed, first class, postage pre-paid to:

Jason K. Axe
Assistant U.S. Attorney
U.S. Attorney Office
300 North Los Angeles Street, Room 7516
Los Angeles, CA 90012

on this 11th day of October, 2012.

_____
LAURACK D. BRAY

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

NO. 12-72501

LAURACK D. BRAY

Petitioner,

v.

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

Respondents,

DEPARTMENT OF JUSTICE(U.S.); UNITED STATES
OF AMERICA; ERIC HOLDER , UNITED STATES ATTORNEY'S OFFICE,
LOS ANGELES; ANDRE BIROTTE ; FEDERAL BUREAU OF INVESTIGATION;
ROBERT S. MUELLER;UNNAMED ASSISTANT DIRECTOR IN CHARGE, FBI
LOS ANGELES DIVISION; UNNAMED ASSISTANT U.S. ATTORNEYS, LOS
ANGELES; TANI-CANTIL-SAKANYE;, ERIC SHINSEKI; SUPERIOR COURT OF CALIFORNIA;
THOMAS O'BRIEN; PATRICK R.DONOHUE; STEVEN HINTZ, BARRY KLOPFER, KEN RILEY,
DAVID LONG, ROBERT PERRY, MICHAEL PASTOR; STEVEN R. SELLLERS ,
HAROLD JAMES GRIFFITH, GREGORY SECOR, JEANETTE M. ANDREWS,
and HELEN H. DAVIS

Real Parties in Interest.

---

SUPPLEMENTAL PETITION FOR A WRIT OF MANDAMUS
PURSUANT TO 18 U.S.C. sec. 3771(d)(3)

LAURACK D. BRAY
P.O. Box 611432
Los Angeles, California 90061
Tel: (805) 901-2693
Plaintiff Pro Se (IFP)

1

## SUPPLEMENTAL PETITION FOR WRIT OF MANDAMUS
## PURSUANT TO 18 U.S.C. sec. 3771(d)(3)

Pursuant to FRAP, Rule 21, 28 U.S.C. sec. 1651, Circuit Rules 21-2 and 21-5, and 18 U.S.C. sec. 3771(a)(6), (7) and (8), (b)(1), (c)(1), and (d)(3), Petitioner herein files this Supplemental Petition for a writ of mandamus and petitions the Court for a writ of mandamus as set forth below in the "Relief Sought" section of this Petition.

I

### BRIEF STATEMENT OF THE CASE FOR THIS SUPPLEMENTAL PETITION

Subsequent to the filing of Petitioner's initial petition for a writ of mandamus and appeal in this Court as entitled and numbered above, the district court judge, Cormac J. Carney, rather than await this Court's decision regarding his authority to proceed in view of the prior appeal, has proceeded to enter two separate Orders, August 14, 2012 and the latest, September 26, 2012, which is a dismissal of Plaintiff's Complaint "with prejudice". This Supplemental Petition addresses the issue of judge Carney's jurisdiction or authority to issue the two orders.

II

### RELIEF SOUGHT

In this Supplemental Petition, Petitioner seeks, in addition to the relief sought in his primary and initial petition for a writ of mandamus, the vacation of the district court's

2

two subsequent orders filed after the appeal of the district court's failure to rule on Plaintiff's TRO, with particular emphasis on the court's September 26, 2012 dismissal Order.

Plaintiff also seeks an expeditious ruling on the initial mandamus petition.

III

**ISSUES PRESENTED**

The issue presented is as follows : whether the district court judge committed error, and acted beyond his jurisdiction, in issuing two orders after an initial appeal of his actions regarding the same subject matter as that of the two orders?

While ordinarily the legal standard for granting a writ of mandamus is "clear error", this Petition is brought pursuant to the Crime Victims' Rights Act (" CVRA"), 28 U.S.C. sec. 3771(d)(3), and this Court stated in <u>Kenna v. United States District Court for the Central District of California</u>, 435 F.3d 1011 (9th Cir. 2006) that "The CVRA creates a unique regime that does, in fact, contemplate routine interlocutory review of district court decisions denying rights asserted under the statute. We thus need not balance the *Bauman* factors in ruling on mandamus petitions brought under the CVRA; rather, we must issue the writ whenever we find that the district court's order reflects an abuse of discretion or legal error."

3

IV

**FACTS NECESSARY TO UNDERSTAND THE ISSUE PRESENTED BY THE PETITION**

The pertinent facts necessary to understand the issue presented are : In August, 2012, Petitioner filed a petition for a writ of mandamus with this Court, thereby appealing, requesting the Court to address the district court's refusal to rule on his TRO and other matters related to the magistrate judge (and his refusal to grant certain relief). While this initial Petition, and appeal, was and remains pending, the district court, with full knowledge of the pending appeal, acted to issue Orders related to the same subject matter as that of the appeal, i.e., the ruling on the TRO and the sufficiency of Plaintiff's Complaint.  The district court's September 26, 2012 Order  dismissing Plaintiff's Complaint "with prejudice" (which refers to the August 14, 2012 Order) is attached as Exhibit #1.

V

**REASONS WHY THE WRIT SHOULD ISSUE**

The writ should issue to vacate the two Orders issued by the district court, while requiring judge Carney to await the decision of the 9th Circuit regarding the initial petition, as Plaintiff must do.

In Smith v. Lujan, 588 F.2d 1304 (9th Cir. 1979), this Court explained that following the filing of a notice of appeal, a district court loses jurisdiction over action

4

that is the subject of the matter appealed from. "Following the filing of the notice of appeal, another Rule 60(b) motion was made in district court, where it was filed, entertained, and denied. Appellants seek to appeal that order of denial (like the district court's denial of the TRO—and conjunctive Order—herein), but the district court had *no jurisdiction* to make the order appealed from. The district court could not dispose of the motion (the TRO herein and the dismissal Order), after the notice of appeal had been filed, without a remand from this Court." Plaintiff's petition for a writ of mandamus, particularly pursuant to 18 U.S.C. sec. 3771(d)(3), serves as a notice of appeal. Therefore, judge Carney is required to await the Court's decision and remand.

## CONCLUSION

In conclusion, Petitioner asserts that the district court lacked jurisdiction to issue the two aforementioned Orders that it issued and the Court should vacate those orders while providing the remaining relief requested by Petitioner in his initial Petition.

10-7-2012
Date

LAURACK D. BRAY
Petitioner Pro Se

5